IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02996–MSK–KMT

JACK MILLER,

    Plaintiff,

v.

MEDICREDIT, INC., a Missouri corporation,

    Defendant.

## ORDER

This matter comes before the court on "Plaintiff's Motion to File the First Amended Complaint and Jury Demand." (Doc. No. 49, filed June 1, 2015. Plaintiff seeks leave to file a proposed First Amended Complaint (Doc. No. 49-1) that includes more specific allegations regarding an August 19, 2014 telephone call between Plaintiff and Defendant, as well as additional allegations regarding the information Defendant reported to the credit bureaus and the underlying debt holder about Plaintiff's account. Defendant filed its Response on June 10, 2015 (Doc. No. 51) and Plaintiff filed his Reply on June 16, 2015 (Doc. No. 52). For the following reasons, Plaintiff's Motion to Amend is GRANTED.

Because Plaintiff filed his motion after the March 13, 2015 deadline for amending the pleadings (*see* Sched. Order, Doc. No. 25, at § 9.a), the court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the scheduling order under

Federal Rule of Civil Procedure 16(b), and the evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a).[1]

This court has stated:

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations and internal quotation marks omitted).

Once Plaintiff has shown good cause for modifying the scheduling order, he must also satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed.R.Civ.P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal

---

[1] The court employs this two-step analysis, notwithstanding the fact that the Tenth Circuit "has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements." *Strope v. Collins,* 315 F. App'x 57, 62 n.4 (10th Cir. 2009) (internal quotation omitted); *cf. Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) (acknowledging that "[m]ost circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated.") (collecting cases); *Minter v. Prim Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (citing *SIL–FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518–19 (10th Cir. 1990)) (explaining that the Tenth Circuit "adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline, but has not yet done so in the context of an amendment to the complaint").

Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Defendant argues that Plaintiff's Motion is untimely because Plaintiff was not diligent in pursuing Defendant's supplemental discovery responses that gave rise to his proposed amendments. The court declines to parse through the various communications between counsel in order to determine who was responsible for the delay in requesting the informal discovery conference that ultimately resulted in Defendant's supplemental discovery responses.  The fact of the matter is that, regardless of any delay, the supplemental discovery responses would not have produce prior to the deadline for amending the pleadings.  As such, Plaintiff has demonstrated that, even with diligent efforts, he could not have met the Scheduling Order's deadline for amending the pleadings.

Defendant also purports to argue that Plaintiff's proposed amendments would be futile. However, a proposed amendment is futile only if the complaint, as amended, would be subject to dismissal. *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999).  Here, Defendant does not seriously maintain that Plaintiff's proposed amendments would be subject to dismissal under Fed. R. Civ. P. 12(b)(6). *Id.*  Instead, Defendant only asserts that Plaintiff's proposed amendments are <u>unnecessary</u> because they do not advance resolution of what Defendant believes

is the only issue in this case: "was the debt 'disputed' by Plaintiff's August 19, 2014 phone call." (Resp. at 3-4.) Even assuming Defendant is correct that Plaintiff's proposed amendments are not necessary to resolve this case, Defendant has not cited to any authority suggesting that a lack of necessity is a sufficient basis for denying leave to amend. *See Foman v. Davis*, 371 U.S. at 182 (listing the primary reasons justifying a denial of leave to amend).

Therefore, it is

ORDERED that "Plaintiff's Motion to File the First Amended Complaint and Jury Demand." (Doc. No. 49) is GRANTED. The Clerk of Court is directed to file Plaintiff's First Amended Complaint (Doc. No. 49-5).

Dated this 24th day of July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge